UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| VICTOR HERNANDEZ, | No. CV 00-04572-VBK |
| Plaintiff, | ORDER AWARDING ATTORNEY FEES PURSUANT TO 42 U.S.C. §406(b) |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

**I**

**INTRODUCTION**

On January 7, 2001, United States Magistrate Judge James W. McMahon approved the parties' stipulation that Plaintiff's application for Social Security benefits be remanded to the Defendant Commissioner for further proceedings. On remand, the Commissioner awarded Plaintiff past due benefits of $50,706.00. (See Petition for Authorization Attorney Fee Pursuant to 42 U.S.C. §406(B), as Amended ["Petition"], Attachment 2.) Now pending before the Court is the Petition of Plaintiff's counsel, Jimmy Ogbonna Ewenike, for attorney fees pursuant to 42 U.S.C. §406(b) in the

1  amount of $12,676.50 for his representation of Plaintiff in this

2  matter.

3      The Commissioner has filed a Response which neither opposes nor

4  supports the Petition, but carefully analyzes applicable factors as

5  established in <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 798, n.6, 122

6  S. Ct. 1817 (2002).

7

8                                    **II**

9                      **<u>DISCUSSION AND ANALYSIS</u>**

10     Plaintiff's counsel brings this petition pursuant to 42 U.S.C.

11  §406(b), which provides in relevant part:

12         Whenever a court renders a judgment favorable to a

13         claimant under this subchapter who was represented

14         before the court by an attorney, the court may

15         determine and allow as part of its judgment a

16         reasonable fee for such representation, not in excess

17         of 25 percent of the total of the past-due benefits to

18         which the claimant is entitled by reason of such

19         judgment.

20     In <u>Gisbrecht</u>, supra, the Supreme Court resolved a division

21  among the federal circuits on the appropriate method of calculating

22  attorney fees under §406(b).  Rejecting the "lodestar method" which

23  several of the circuits (including the Ninth Circuit) had been

24  applying, the Supreme Court held:

25         [Section] 406(b) does not displace contingent-fee

26         agreements as the primary means by which fees are set

27         for successfully representing Social Security benefits

28         claimants in court.  Rather, §406(b) calls for court

2

1    review of such arrangements as an independent check,

2    to assure that they yield reasonable results in

3    particular cases.  Congress has provided one boundary

4    line: Agreements are unenforceable to the extent that

5    they provide for fees exceeding 25 percent of the

6    past-due benefits...   Within the 25 percent

7    boundary,...the attorney for the successful claimant

8    must show that the fee sought is **reasonable for the**

9    **services rendered**.

10   122 S.Ct. at 1828 (emphasis added).

11

12       Plaintiff's counsel has provided to the Court a contingent fee

13   agreement (see Attachment 3).   Under that fee agreement, it is

14   provided, in pertinent part, that Plaintiff "shall pay not exceeding

15   25% [of the past-due benefits that are awarded]."   The fee paid

16   under the contingent fee agreement must be approved by the federal

17   court. In determining whether the award of $12,676.50 sought by

18   Plaintiff's counsel is "reasonable for the services rendered" in

19   this case, the Court has considered a number of factors, several of

20   which fall in favor of Plaintiff's counsel.

21       First, under the terms of the contingent fee agreement between

22   Plaintiff and Plaintiff's counsel, Plaintiff's counsel would be

23   entitled to fees corresponding to 25% of the back benefits awarded.

24   Plaintiff agreed to the 25% contingency and the $12,676.50 award

25   sought represents the agreed upon amount.  The Court has no basis

26   for finding that there was any fraud or overreaching by counsel in

27   the making of the contingent fee agreement with Plaintiff.

28       Second, the $12,676.50 award sought by Plaintiff's counsel is

3

1   not in excess of the 25% statutory limit.  Indeed, as stated, the

2   fees sought amount to 25% of Plaintiff's recovery and comport with

3   the terms of the contingent fee agreement between Plaintiff and

4   counsel.

5        Third, the procedural history of this case indicates that there

6   is no excessive delay attributable to counsel which would unduly

7   increase the back benefits accumulated during the pendency of the

8   case in court.  Indeed, Plaintiff's counsel was diligent in pursuing

9   this matter.  The letter brief prepared by Plaintiff's counsel on

10  October 3, 2000 (Attachment 1) is thorough and well reasoned, and

11  ultimately resulted in achieving its intended result.  The Court has

12  considered, pursuant to the holding of Gisbrecht, both the character

13  of the representation and the results achieved by Plaintiff's

14  counsel, and finds these factors to weigh strongly in favor of

15  Plaintiff's counsel.

16       Fourth, the Court has considered the number of hours expended

17  by counsel in this case.  Counsel indicates he expended 32.5 hours

18  of attorney time.  The Court agrees that these hours are consistent

19  with general practice in cases such as this.  Plaintiff's counsel

20  has provided a usual hourly rate for his services, and the effective

21  hourly rate he is now seeking ($391.00) represents only a 1.564

22  multiple, which is reasonable considering the risk counsel assumed

23  in undertaking this case.  This amount is consistent with an

24  effective hourly rate awarded to attorneys in Social Security cases

25  in this District, and is therefore found to be reasonable, in

26  particular, considering also the expertise provided by Plaintiff's

27  counsel in these matters.

28

**III**

**CONCLUSION**

Based upon the foregoing considerations, the Court finds and concludes that the $12,676.50 in gross fees sought by Plaintiff's counsel is reasonable.   The petition for $12,676.50 in gross attorney fees pursuant to 42 U.S.C. §406(b) is **GRANTED**.  This amount is to be reduced by the $3,500.00 in EAJA fees previously awarded, resulting in a net fee award of $9,176.50.  The Commissioner shall pay such amount to Plaintiff's counsel.

   **IT IS SO ORDERED.**


DATED: October 5, 2009          /s/
                      VICTOR B. KENTON
                      UNITED STATES MAGISTRATE JUDGE